*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 20-BG-375**

IN RE MIGUEL A. HULL

**2018 DDN 286**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 465753**

BEFORE: Thompson and Deahl, Associate Judges, and Nebeker, Senior Judge.

## O R D E R
(FILED— August 27, 2020)

On consideration of the certified order of the Court of Appeals of Maryland indefinitely suspending respondent by consent from the practice of law in that jurisdiction; this court's June 22, 2020, order suspending respondent pending resolution of this matter and directing him to show cause why equivalent reciprocal discipline in the form of an indefinite suspension with a fitness requirement and the right to seek reinstatement after five years (but not until after he satisfies the conditions imposed by the state of Maryland) or reinstatement by the state of Maryland, whichever occurs first; no response having been filed; the statement of Disciplinary Counsel; and it appearing respondent has not filed his D.C. Bar R. XI, §14(g) affidavit, it is

ORDERED that Miguel A. Hull, is hereby indefinitely suspended from the practice of law in the District of Columbia with reinstatement contingent on a showing of fitness. Respondent may seek reinstatement after five years or after being reinstated by the state of Maryland, whichever is first, and only after he has

**20-BG-375**

completed all terms of his criminal probation and has been found fit to practice law by a medical provider acceptable to Disciplinary Counsel. It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**